UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAOMI JEAN JAMES,

     Plaintiff,

v.                                                                                    Case No:   6:13-cv-1270-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

## ORDER

Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b) (Doc. 26) is

pending before the Court. The motion is unopposed (Doc. 27). On September 18, 2014,

the Court entered an order reversing the Commissioner's final decision and remanding

the case back to the Social Security Administration, pursuant to sentence four of 42

U.S.C. §405 (Doc. 22). Now, counsel petitions the Court for authorization to charge his

client a fee for federal court representation in the amount of $31,552.00. The fee is based

on a contingent fee agreement between counsel and Plaintiff (Doc. 26-2), and the

Commissioner's letter notifications that Plaintiff has been awarded past due benefits

(Doc. 26-1 at 1-12).

### I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants

in Social Security disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b),

and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys

seeking fees for work done before the Commissioner at the administrative level. The fees

awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42

U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("the EAJA"). Under § 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. See Paltan v. Comm'r of Soc. Sec., 518 F. App'x. 673 (11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[2]

The EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A).

The application of these provisions means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See, e.g., Paltan, 518 F. App'x.at 674; Bookman, 490 F. App'x 314; Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-ORL, 2015 WL 476190 (M.D. Fla. Feb. 5, 2015); Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.")

An attorney may either deduct the amount of EAJA fees from his 406(b) request or remit the smaller fee to the client. 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified) (The EAJA contains a savings provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request); Mills v. Colvin, Case No. CV413-044, 2016 WL 4223649, at *2 (S.D. Ga. Aug. 9, 2016) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002)).

The fee itself must also be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht, 535 U.S. at 805 (citations omitted). "Within the 25% boundary ... the

attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, the district court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the court can appropriately reduce the fee. Id. at 805, 808.

### II. The Fee Calculation[3]

Plaintiff received an award of past-due benefits in the amount of $68,699[4] plus past-due benefits as part of the disabled widow's benefit program in the amount of $81,375[5], making a total of $150,074. Twenty-five percent of that award is $37,518.50. Based upon the work performed and the results obtained, the Court finds that a twenty-five percent contingency fee is reasonable for the services of Plaintiff's counsel in this case. Counsel expects to receive a 406(a) fee award in the amount of $6,000.00 for representing Plaintiff at the administrative level (Doc. 26 at 2). A fee in the amount of $4,681.05 was previously awarded to Plaintiff under the EAJA (Doc. 25).

Upon consideration of the foregoing, the motion is **GRANTED**. Plaintiff's request

---

[3] The Court has arrived at totals that are different from Plaintiff's calculations. Although the Court is granting the motion for 406(b) fees, it will use its own calculation to determine the appropriate fee amount.

[4] This amount is the sum of Plaintiff's past-due benefits check in the amount of $51,490.75, plus the $17,208.25 withheld by the administration for attorney's fees (Doc. 26-1 at 3,5).

[5] This amount is the sum of Plaintiff's past-due benefits check in the amount of $61,031.25, plus the $20,343.75 withheld by the administration for attorney's fees (Id. at 9).

for § 406(b) fees is approved **in the amount of $31,518.50** which is 25% of past due

benefits awarded to Plaintiff, minus the $6,000.00 § 406(a) fee her counsel expects to

receive for work performed at the administrative level. This award is to be paid out of

Plaintiff's past due benefits currently being withheld by the Commissioner. Upon receipt

of these funds, Counsel shall promptly refund the EAJA fee of $4,681.05 to Plaintiff.

    **DONE** and **ORDERED** in Orlando, Florida on December 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to Counsel of Record